# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniela Contreras Diaz,<br><br>    Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>    Respondents. | No. CV-26-00102-PHX-SHD (ASB)<br><br>**ORDER** |

Petitioner brought this action pro se seeking release from immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1). For the reasons that follow, the court will grant the Petition and order that Petitioner be immediately released from custody.

**I.      Background**

Petitioner is a native of Colombia who entered the United States on December 17, 2024, and was immediately taken into custody. (Doc. 7-1 ¶ 5). On December 26, 2024, Petitioner expressed fear of returning to Colombia, and was given a credible fear interview. (*Id.* ¶¶ 7-8). On January 21, 2025, an immigration officer determined that Petitioner had a credible fear of returning to Colombia, and referred Petitioner for immigration proceedings before an immigration judge (IJ). (*Id.* ¶¶ 9-10). On July 28, 2025, the IJ ordered Petitioner removed to Colombia, but granted withholding of removal to Colombia pursuant to the Convention Against Torture (CAT). (Doc. 7-2). Respondents assert that on October 8, 2025, "Petitioner notified ICE officers she is ok being removed to Mexico as an alternate country." (Doc. 7-1 ¶ 16). Respondents further state that "Petitioner is in possession of a

valid passport and travel documentation for removal to Mexico," and that "Petitioner is currently pending removal." (*Id.* ¶¶ 17-18). In her reply in support of her habeas petition, Petitioner disputes Respondents' assertions, avowing that she "never agreed to be remove[d] to Mexico," and "is neither in possession of a valid Passport nor a travel document to be removed to Mexico." (Doc. 12 at 2).

In further response to Petitioner's denials, counsel for Respondents has filed a Status Report (Doc. 13), asserting the following:

> [Upon review of the Reply (Doc. 12)] [t]he undersigned immediately contacted Respondents to determine whether the declaration [provided with the initial Response (Doc. 7-1)] contained any misstatements. According to Respondents, Petitioner's Colombian passport has yet to expire, and thus it is still a valid travel document. Under ICE guidance, a person ordered removed who has a valid passport may choose to go to a third country to which the passport would allow her to travel in lieu of waiting for ICE to removed her. However, the person must do so voluntarily, and at their own expense. Respondents clarified to the undersigned that they asked Petitioner whether she feared departing to Mexico, and she said that she didn't. However, she also did not choose to depart there voluntarily. . . . Currently, ICE is seeking a third country that will agree to remove Petitioner, but they have not yet identified one.

(Doc. 13 at 1-2). As of the date of this Order, Petitioner remains in ICE custody.

## II.     Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable"

period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## III. Discussion

Here, the § 1231(a)(1) mandatory detention period began to run on July 28, 2025, when both Petitioner and the government waived appeal of the IJ's order. *See* Doc. 7-2 at 4; *see also* 8 C.F.R. § 1241.1. As such, as of the date of this Order, the "presumptively reasonable" *Zadvydas* period has expired. Accordingly, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if she does so, Respondents "must respond with evidence sufficient to rebut that showing." 533 U.S. at 701.

Petitioner's removal orders direct that she be removed to Colombia, but granted withholding of removal to Colombia pursuant to the CAT. (Doc. 7-2). As such, there is good reason to believe that removal to Colombia is not significantly likely to occur in the reasonably foreseeable future because Petitioner has been granted withholding of removal to Colombia. The burden thus shifts to Respondents to rebut that showing with sufficient evidence. 533 U.S. at 701.

Respondents initially offered that "Mexico has issued travel documents to facilitate Petitioner's removal there, and Petitioner expressed willingness to be removed to Mexico." (Doc. 7 at 6-7). Respondents have since clarified, however, that Petitioner did *not* "express willingness to be removed to Mexico," only that she allegedly did not have fear of removal to Mexico.[1] For her part, Petitioner has not confirmed whether or not she has any fear of

---

[1] Respondents' Counsel's statement in the Status Report that "Respondents clarified to the undersigned that they asked Petitioner whether she feared departing to Mexico and she said that she didn't" is not supported by any evidence—there are no declarations or

removal to Mexico, only that she "never agreed to be remove[d] to Mexico." (Doc. 12 at 2.) Counsel for Respondents concedes that "ICE is seeking a third country that will agree to remove Petitioner, but they have not yet identified one." (Doc. 13 at 2).[2]

Respondents have not met their burden to rebut Petitioner's showing that there is no significant likelihood of her removal in the reasonably foreseeable future. On this record, Respondents have yet to identify a third country to which Petitioner might be removed, let alone that a third country has accepted removal of Petitioner or that removal to it is significantly likely to occur in the reasonably foreseeable future.

The Supreme Court held in *Zadvydas* that as the period of detention grows, "what counts as the 'reasonably foreseeable future' would have to shrink." 533 U.S. at 701. As noted, Petitioner has now been detained beyond the presumptively reasonable period identified in *Zadvydas*, and having provided "good reason" to support that her removal to Colombia is not significantly likely to occur in the reasonably foreseeable future (because she has been granted withholding of removal to Colombia pursuant to the CAT), the burden shifts to Respondents to rebut that showing with sufficient evidence. *Id*. Respondents have failed to do so. Respondents have not identified a third country that might accept Petitioner, let alone provided evidence that removal to a third country is significantly likely to occur in the reasonably foreseeable future. Accordingly, the Court finds that Petitioner's continued detention is in violation of the Fifth Amendment, and will thus grant the Petition.

**IT IS ORDERED:**

(1) The Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

---

other exhibits attached to the Status Report—and constitutes at least double hearsay.

[2] This appears to be consistent with a close reading of the Declaration provided with Respondents' initial Response. (*See* Doc. 7-1). There, ICE Deportation Officer David Elicio avowed that "[o]n August 26, 2025, ICE officer [*sic*] submitted a Request for Acceptance of Alien, Form I 241, for the Petitioner to Headquarters Removal and International Operations [] for third country acceptance." (*Id.* ¶ 13). This appears to mean that local ICE requested that ICE headquarters identify a third country for removal. However, Elicio does not avow that ICE headquarters has identified a third country for removal (or even responded to the local ICE request). Elicio further concludes his Declaration by stating that "Petitioner is currently pending removal," which—when read in combination with the August 26, 2025 request—is interpreted to mean "Petitioner is currently pending removal *once a third country has been identified and accepted her for removal*."

(2)   Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3)   No more than **48 HOURS** from the time of this Order, Respondents must file a notice of compliance.

(4)   The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 12th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge